

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | | |
|---|---|---|
| MELISSA HANEY | § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. 3:17-cv-621TSL-LRA |
| GENERAL MOTORS LLC, and JOHN DOES 1-20, | § § § | |
| *Defendants.* | § § | |

## GENERAL MOTORS LLC'S NOTICE OF REMOVAL

Defendant General Motors LLC ("New GM") removes this action from the Circuit Court of Rankin County, Mississippi to the United States District Court for the Southern District of Mississippi, Northern Division, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446, and 1452, and Bankruptcy Rule 9027, and based on the following facts:

### BACKGROUND

1. On June 22, 2017, New GM was served with a Summons and Complaint in an action styled *Melissa Haney v. General Motors LLC, and John Does 1-20,* Case No. 17-163, filed June 22, 2017 in the Circuit Court of Rankin County, Mississippi (the "Action").

2. This Action arises out of an alleged incident involving a 2004 Chevrolet Impala ("Subject Vehicle"). Compl. ¶ 7. The Complaint alleges that Plaintiff Melissa Haney was driving the Subject Vehicle when "suddenly and without warning her vehicle ignition malfunctioned." *Id.* "As a result, of the ignition malfunction, the Plaintiff was involved in a collision causing her to suffer excruciating, painful, and permanent injuries." *Id.* The Complaint alleges that "the ignition switch defects which affected the 2004 Chevrolet Impala caused the collision and non-deployment of the vehicle's airbag..." *Id.* ¶ 9.

3. Plaintiff seeks damages under theories of (1) negligence, (2) fraudulent concealment, (3) products liability, (4) breach of implied warranty, and (5) violation of the Magnuson-Moss Warranty Act. *Id.* ¶¶ 20-59. Plaintiff also seeks punitive damages. *Id.* ¶¶ 26, 39, and 48.

4. On March 25, 2014, the Judicial Panel on Multidistrict Litigation ("JPML") established MDL 2543, *In re: General Motors LLC Ignition Switch Litigation.* Subsequently, on June 9, 2014, the JPML designated the United States District Court for the Southern District of New York as the MDL Court and assigned the Honorable Jesse M. Furman to conduct coordinated or consolidated proceedings in the Ignition Switch Actions. *In re Gen. Motors LLC Ignition Switch Litig.*, MDL No. 2543, ECF No. 266 (J.P.M.L. June 9, 2014), attached as Exhibit A. The JPML transferred an initial group of fifteen actions pending in six federal districts to the Southern District of New York after concluding that it was "undisputed" that cases alleging a defect in the vehicle ignition switch of certain New GM vehicles satisfied the requirements for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407. *Id.* at 2.

5. This Action is one of more than 315 actions (the "Ignition Switch Actions") filed in, or removed to, federal court since February 2014 that assert factual allegations involving defective ignition switches, and/or inadvertent key rotation, including in Chevrolet Impala vehicles. The Ignition Switch Actions have been brought in at least 38 federal district courts, including in Alabama, Arizona, Arkansas, California, Colorado, the District of Columbia, Florida, Georgia, Illinois, Indiana, Kentucky, Louisiana, Massachusetts, Michigan, Mississippi, Missouri, New Jersey, New York, Ohio, Oklahoma, Pennsylvania, and Texas. *See generally* MDL No. 2543; *e.g.* ECF Nos. 207, 358, 362, 377, and 433, attached as Exhibit B *Abney v. Gen.*

*Motors LLC*, 14-05810 (S.D.N.Y.) (consolidating more than 500 personal injury and wrongful death claims into the MDL, including claims arising out of crashes involving the 2000, 2006, 2007, 2010, and 2012 Chevrolet Impala); *Fleck v. Gen. Motors LLC*, 14-08176 (S.D.N.Y.) (involving more than 300 personal injury plaintiffs allegedly involved in accidents in various model vehicles, including the Chevrolet Impala); *Farrow v. Gen. Motors LLC*, 14-08248 (S.D.N.Y.) (asserting claims for personal injury arising from an ignition switch defect in a 2009 Chevrolet Impala); *McCormick v. Gen. Motors LLC*, 14–00483 (E.D. Tex.) (wrongful death and personal injury suit alleging an ignition switch defect in separate accidents involving six models, including a 2007 Chevrolet Impala); *Lowe v. Gen. Motors LLC*, 14-00330 (E.D. Tenn.) (claiming an ignition switch defect in her 2011 Chevrolet Impala caused personal injuries).

6. As soon as the Clerk assigns this case a docket number, New GM will notify the JPML that this case is a tag-along action pursuant to Panel Rule 7.1. Because the ignition switch allegations in this case share "one or more common questions of fact" with the other Ignition Switch Actions, this case is appropriate for MDL transfer and consolidation with the other Ignition Switch Actions pending in the Southern District of New York. *See* 28 U.S.C. § 1407(a).

## BASIS FOR REMOVAL: DIVERSITY OF CITIZENSHIP

7. This Action is removable to this Court under 28 U.S.C. § 1441 because the Court has original jurisdiction under 28 U.S.C. § 1332(a)(3), based on diversity of citizenship and an amount in controversy exceeding $75,000, exclusive of interest and costs.

8. Complete diversity of citizenship exists because:

   a. At the time of the filing of this suit, Plaintiff Melissa Haney was a resident, domiciliary, and citizen of the State of Mississippi. Compl. ¶ 4.

   b. New GM is not a citizen of Mississippi. New GM is, and was at the time this lawsuit was filed, a Delaware limited liability company with its principal place of business in Michigan. New GM is 100 percent owned

3

by General Motors Holdings LLC, which is also a Delaware limited liability company with its principal place of business in Michigan. General Motors Holdings LLC, in turn, is 100 percent owned by General Motors Company, a corporation organized under the laws of Delaware with its principal place of business in Michigan.

9. Plaintiff also named "John Does 1-20" as defendants, but their citizenship is disregarded for purposes of diversity. 28 U.S.C. § 1441 (b)(1); *see also Porter v. Merck & Co.*, No. 4:03CV12LN, 2003 WL 25506472, at *1 (S.D. Miss. June 17, 2003) ("and although plaintiffs, themselves Mississippi residents, named John Doe defendants whom they represented were also Mississippi residents, the law is clear that 'the citizenship of defendants sued under fictitious names shall be disregarded' in determining whether there is complete diversity for removal purposes. 28 U.S.C. § 1441(a).").

10. Thus, as no proper defendant is a citizen of the same state as Plaintiff, there is complete diversity between the parties.

11. In the context of removal, "[t]he district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *Haley v. Ford Motor Co.*, 398 F. Supp. 2d 522, *525 (S.D. Miss. Oct. 18, 2005) (quoting *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003)). "The court determines whether it is facially apparent that the amount in controversy exceeds the jurisdictional minimum by simply examining the complaint and ascertaining whether the amount in controversy is likely to exceed $75,000. In conducting this analysis, the court may refer to the types of claims alleged by the plaintiff, as well as the nature of the damages sought." *Harris v. Benham Group*, No. 1:02CV238DD, 2002 WL 31050999, *2 (N.D. Miss. August 26, 2002) (citing *Allen v. R& H Oil & Gas Co.*, 63 F.3d 1336 (5th Cir. 1995)).

12. Although Plaintiff seeks an unspecified amount of damages, it is evident from the face of the Complaint that the amount in controversy in this Action exceeds $75,000, exclusive of interest and costs. *See Luckett v. Delta Airlines, Inc.* 171 F.3d 295, 298 (5th Cir. 1999) (holding it was facially apparent from the plaintiff's petition that the amount in controversy exceeded statutory requirements based on the tort nature of the plaintiff's claim and the types of damages sought); *Holmes v. Citifinancial Mortg. Co.*, 436 F. Supp. 2d 829, 832 (N.D. Miss. 2006) ("... Mississippi juries routinely award damages for pain and suffering and/or mental or emotional damages in excess of $75,000."); *see also Century Assets Corp. v. Solow*, 88 F. Supp. 2d 659, 661 (E.D. Tex. 2000) (noting that a complaint "can facially state a claim over the jurisdictional amount [for diversity purposes] when there are *no* numbers in the [complaint] at all") (emphasis in original).

13. Here, the Complaint states that Plaintiff "incurred pain, suffering, emotional distress, and other economic damages in the past, is presently incurring pain, suffering, emotional distress, and other economic damages and will incur pain, suffering, emotional distress, and other economic damages in the future." Compl. ¶ 25. Plaintiff alleges that Defendant's negligence "was a proximate and/or contributing cause of [her] painful, excruciating, debilitating, and permanent injuries..." *Id.* ¶ 23. She also claims to have been "required to undergo medical treatment and has incurred medical expenses in the past, is presently incurring medical expenses, and will incur medical expenses in the future." *Id.* ¶ 24.

14. Plaintiff also seeks punitive damages. *Id.* ¶¶ 26, 39, and 48. "[W]hen a claim includes compensatory and punitive damages, both must be considered in determining the amount in controversy." *Watson v. Shell Oil Co.*, 979 F.2d 1014, 1021 (5th Cir. 1992) *on reh'g*, 53 F.3d 663 (5th Cir. 1994); *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238 (1943) (both

compensatory and punitive damages "must be considered to the extent claimed in determining jurisdictional amount").

15. Given the nature of Plaintiff's alleged injuries and the demand for general and special damages, including punitive damages, it is apparent from the face of the Complaint that the amount in controversy requirement for removal is satisfied. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (holding it was facially apparent from plaintiff's allegations that the jurisdictional requirement was met based on unspecified damages for medical expenses, physical and mental pain and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement); *Easterling v. Glaxo Welcome, Inc.*, Civil Action No. 3:03CV568LS, 2006 WL 1272680, *3 (S.D. Miss. May 9, 2006) (denying motion to remand and finding it was facially apparent from the complaint that the amount in controversy requirement was met where plaintiff claimed unspecified compensatory damages, including severe and painful injuries, and punitive damages related to the ingestion of a prescription drug).

16. Therefore, this action is one that may be removed to this Court by New GM pursuant to 28 U.S.C. § 1441 as all of the requirements for removal under 28 U.S.C. §§ 1332 and 1441 are satisfied.

## **BASIS FOR REMOVAL: BANKRUPTCY JURISDICTION**

17. This Action is properly removable because it is a civil proceeding that (i) arises under 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"); (ii) arises in a case under the Bankruptcy Code; and/or (iii) is related to a case under the Bankruptcy Code. This Court thus has jurisdiction pursuant to 28 U.S.C. §§ 157(b), 1331, and 1334(b), and removal to this Court is proper under 28 U.S.C. §§ 1452(a), as well as Rule 9027 of the Federal Rules of Bankruptcy Procedure.

18. On June 1, 2009, Motors Liquidation Company, f/k/a General Motors Corporation ("Old GM") filed a petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York ("New York Bankruptcy Court"). On July 5, 2009, the New York Bankruptcy Court issued an order ("Sale Order and Injunction") approving the sale ("363 Sale") of substantially all of Old GM's assets to the predecessor of New GM. The sale of assets was free and clear of all liens, claims, and encumbrances, except for certain limited exceptions. *See* Sale Order and Injunction, attached as Exhibit C ¶ 7. The 363 Sale was consummated on July 10, 2009. Ultimately, New GM was transferred certain of Old GM's assets and also assumed certain specifically-identified liabilities, as described in the Sale Order and Injunction and Amended and Restated Master Sale and Purchase Agreement ("Sale Agreement").

19. The terms of the Sale Order and Injunction, and the Sale Agreement that it approved, limits New GM's liabilities relating to vehicles and parts sold by Old GM. *See* Exhibit C ¶¶ 44-45; *see also In re Gen. Motors Corp.*, 407 B.R. 463, 481 (Bankr. S.D.N.Y. 2009), *aff'd sub nom., In re Motors Liquidation Co.*, 428 B.R. 43 (S.D.N.Y. 2010), and 430 B.R. 65 (S.D.N.Y. 2010).[1]

20. The New York Bankruptcy Court reserved exclusive and continuing jurisdiction

---

[1] New GM's obligations under the Sale Order and Injunction have been the subject of ongoing proceedings in the New York Bankruptcy Court, the U.S. District Court for the Southern District of New York ("New York District Court"), the United States Second Circuit Court of Appeals, and the United States Supreme Court. *See In re Motors Liquidation Co.*, 829 F.3d 135 (2d Cir. 2016); Judgment entered by the New York Bankruptcy Court, dated June 1, 2015 (Bankr. Dkt. No. 13177) ("June 2015 Judgment"), *In re Motors Liquidation Co.*, 541 B.R. 104 (Bankr. S.D.N.Y 2015), and Judgment entered by the New York Bankruptcy Court, dated December 4, 2015 (Bankr. Dkt. No. 13563) ("December 2015 Judgment"). The New York Bankruptcy Court's June 2015 Judgment was affirmed in part, reversed in part, and remanded in part by the Second Circuit. There are ongoing proceedings in the New York Bankruptcy Court related to a series of issues arising from the Second Circuit opinion. *See Order To Show Cause Regarding Certain Issues Arising From Lawsuits With Claims Asserted Against General Motors LLC ("New GM") That Involve Vehicles Manufactured By General Motors Corporation ("Old GM")*, entered by the New York Bankruptcy Court on December 13, 2016 (Bankr. Dkt. No. 13802). A portion of the New York Bankruptcy Court's December 2015 Judgment is currently on appeal to the New York District Court. It is undisputed that the New York Bankruptcy Court retains jurisdiction to interpret and enforce the Sale Order and Injunction and its other rulings.

to enforce the injunction set forth in the Sale Order and Injunction and to address and resolve all controversies concerning the interpretation and enforcement of the Sale Order and Injunction. *Id.* ¶ 71. Old GM's bankruptcy case is still pending in the New York Bankruptcy Court and that Court has previously exercised its exclusive and continuing jurisdiction to enforce the Sale Order and Injunction to actions filed against New GM, including cases based on alleged defects in Old GM vehicles.  *See Trusky v. Gen. Motors Co. (In re Motors Liquidation Co.)*, Adv. No. 12-09803, 2013 Bankr. LEXIS 620 (Bankr. S.D.N.Y. Feb. 19, 2013); *Castillo v. Gen. Motors Co. (In re Motors Liquidation Co.)*, Adv. No. 09-00509, 2012 Bankr. LEXIS 1688 (Bankr. S.D.N.Y. Apr. 17, 2012), *aff'd*, 500 B.R. 333 (S.D.N.Y. 2013); *see also In re Motors Liquidation Co.*, 2011 WL 6119664 (Bankr. S.D.N.Y. 2010).

21.     In addition, the Bankruptcy Court has ruled that it is the gatekeeper to review whether allegations, claims and requests for damages asserted in complaints get past the bankruptcy gate. As stated in a June 7, 2017 Written Decision ("June 7 Decision") issued by the New York Bankruptcy Court:[2]

> "The Court's role, then, is a 'gatekeeper' role. It should be the court to decide what claims and allegations should get through the 'gate,' under the Sale Order" and this Court's prior decisions. [*In re Motors Liquidation Co.*, 541 B.R. 104, 112 (Bankr. S.D.N.Y. 2015)] (noting that the Court will "minimize" its involvement in "nonbankruptcy law"). If a complaint violates an enforceable provision of the Sale Order, it may not proceed as currently drafted. If it does not violate the Sale Order, the complaint "passes through the gate" for the appropriate nonbankruptcy court to decide whether it is actionable.

June 7 Decision, 2017 WL 2457881, at *3. It is for the New York Bankruptcy Court to determine if Plaintiff has properly made allegations, asserted claims and is appropriately seeking damages against GM LLC.  Plaintiff's Petition in this case violates various Bankruptcy Court rulings, including without limitation allegations related to exemplary or punitive damages (see

---

[2] The June 7 Decision is published at *In re Motors Liquidation Co.*, Case No. 09-50026 (MG), 2017 WL 2457881 (Bankr. S.D.N.Y. June 7, 2017).

8

par. 22 below), and it is for the Bankruptcy Court to determine if some or all allegations, claims, and/or requests for damages against New GM can properly proceed through the bankruptcy gate.

22. Under 28 U.S.C. §§ 157(b) and 1334(b), the New York Bankruptcy Court had core jurisdiction to approve the 363 Sale and enter the Sale Order and Injunction. Thus, the determination of this action, which involves the resolution of disputes concerning the Sale Agreement and the Sale Order and Injunction, and the Bankruptcy Code, necessarily invokes the jurisdiction of the New York Bankruptcy Court. *See In re Hereford Biofuels, L.P.*, 466 B.R. 841, 844 (Bankr. N.D. Tex. 2012) (post-confirmation dispute regarding interpretation and enforcement of a sale transaction approved by the Bankruptcy Court was a core proceeding); *Luan Inv. S.E. v. Franklin 145 Corp.*, 304 F.3d 223, 229-30 (2d Cir. 2002) (disputes concerning sale transaction approved by the Bankruptcy Court fall within "core" jurisdiction); *In re Eveleth Mines, LLC*, 312 B.R. 634, 644-45 and n.14 (Bankr. D. Minn. 2004) ("A purchaser that relies on the terms of a bankruptcy court's order, and whose title and rights are given life by that order, should have a forum in the issuing court.").

23. Plaintiff's claims in this Action relate to a vehicle manufactured by Old GM, and punitive damages are being sought from New GM based in whole or in part on the conduct of Old GM. New GM, however, did *not* assume claims for punitive damages based on the conduct of Old GM. *See* December 2015 Judgment, ¶ 6 ("New GM did not contractually assume liability for punitive damages from Old GM. Nor is New GM liable for punitive damages based on Old GM conduct under any other theories, such as by operation of law. Therefore, punitive damages may not be premised on Old GM knowledge or conduct, or anything else that took place at Old GM."); July 12, 2017 Bankruptcy Court Memorandum Opinion And Order Deciding Certain 2016 Threshold Issues, p. 24 ("…Post-Closing Accident Plaintiffs may not assert claims against

9

New GM for punitive damages based on the conduct of Old GM."). Certain other allegations and claims may also violate the Sale Order or other Bankruptcy Court rulings. The New York Bankruptcy Court has exercised jurisdiction with respect to lawsuits where plaintiffs, like Plaintiff herein, are making allegations, asserting claims and/or seeking punitive damages against New GM in violation of the Sale Order and Injunction, and Sale Agreement, and the other rulings of the New York Bankruptcy Court.

24. As such, the Action implicates the New York Bankruptcy Court's core, related-to and exclusive jurisdiction, and is therefore removable to this Court under 28 U.S.C. § 1452(a) and Bankruptcy Rule 9027.

**REMOVAL IS TIMELY**

25. This Notice of Removal is timely because it is being filed within 30 days after New GM was served with the Summons and Complaint. 28 U.S.C. § 1446(b). Plaintiff filed suit on June 22, 2017, and New GM was served with the Summons and Complaint on June 22, 2017. *See* Exhibit D.

**VENUE**

26. The United States District Court for the Southern District of Mississippi, Northern Division, is the United States district and division embracing the Circuit Court of Rankin County, Mississippi, where this action was filed and is pending. *See* 28 U.S.C. § 104(b)(1). Therefore, venue of this removed action is proper in this Court.

**CONSENT**

27. New GM is the only named defendant and the only defendant to be served with process. Consent of "John Does 1-20" is unnecessary because none of these unnamed defendants have been served. *See* 28 U.S.C. § 1446(b). "[S]ervice of process is required to trigger the consent requirement to remove in multiple defendant cases." *Lafayette City-Parish*

10

*Consol. Government v. Chain Elec. Co.*, Civil Action No. 11-1247, 2011 WL 4499589, *4 (W.D. La. Sept. 23, 2011).

## NOTICE TO THE STATE COURT

28. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on all adverse parties and filed with the Circuit Court of Rankin County, Mississippi, where this case was originally filed.

## STATE COURT FILINGS

29. New GM files herewith as <u>Exhibit D</u> copies of all process served upon it in this Action as a part of this Notice, such being the Summons and Complaint.

WHEREFORE, General Motors LLC respectfully requests that this Action in the Circuit Court of Rankin County, Mississippi, be removed to this Court, and that no further proceedings be had in the Mississippi state court.

DATED: July 24, 2017

Respectfully submitted,

WATKINS & EAGER PLLC
The Emporium Building
400 East Capitol Street
Jackson, Mississippi 39201
Tel: (601) 965-1846
Fax: (601) 965-1901
wjohnson@watkinseager.com

By _____
Walter T. Johnson, MS Bar #8712

**ATTORNEYS FOR DEFENDANT
GENERAL MOTORS LLC**

11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by electronically filing with the Clerk of the Court using CM/ECF on July 24, 2017, on **Brent Hazzard**.

DATED: July 24, 2017

Respectfully submitted,

WATKINS & EAGER PLLC
The Emporium Building
400 East Capitol Street
Jackson, Mississippi 39201
Tel: (601) 965-1846
Fax: (601) 965-1901
wjohnson@watkinseager.com

By /s/ Walter T. Johnson
Walter T. Johnson, MS Bar #8712

**ATTORNEYS FOR DEFENDANT GENERAL MOTORS LLC**